TRIMMER'S EXECUTOR, appellant, and ADAMS and wife, respondents.

1. It is a settled rule, that on an appeal from a decree of the Orphans Court, no question can be raised in this court, not raised and decided in the court below.

2. A petition to the Orphans Court to set aside an account as illegally and improvidently allowed, and also to open the same for mistake and fraud therein, need not specify in what the fraud or mistake consists, or the items alleged to be affected thereby.

3. When an account is opened solely on the ground of fraud or mistake, proved to the satisfaction of the court, the settlement under the 27th section of the Orphans Court act, should be confined to correcting the items in which the fraud or mistake is proved, and such part or parts of the account as are affected by the change so made. The residue of the account not affected by such proof, should be allowed to stand as settled.

4. But when an account is set aside as improvidently allowed, contrary to the express provisions of the statute, it should be set aside altogether, and the parties allowed to contest every item of it.

5. When the decree of the Orphans Court setting aside the account, is affirmed, exceptions may be filed in the Prerogative Court, and the matter continued there until the final settlement of the account.

*Mr. Van Fleet* and *Mr. B. Van Syckel,* for appellant.

*Mr. G. A. Allen,* for respondents.

THE ORDINARY.

The appellant rendered his account as executor of the estate of Ann Trimmer, to the Orphans Court of the county of Hunterdon. It was filed in the surrogate's office on the seventeenth day of February, 1864. The oath of the accountant was taken before the surrogate on the twentieth day of March, 1864; and on the same day, he reported the account to the court for settlement and allowance, certifying that he had audited and stated the same, and that the same had been filed and advertised according to law. The court thereupon, on the same day, at what, in the caption of the

decree of allowance, is styled March Special Term, decreed its allowance in all things as reported by the surrogate.

On the twenty-seventh of October, 1866, on a petition of George Adams, and Catharine, his wife, in which Catharine is alleged to be one of the children and heirs of the testatrix, and a legatee under her will, the Orphans Court ordered a citation to be issued to the appellant, to show cause on the twenty-third of November then next, why the decree of allowance should not be set aside as illegally and improvidently made, and why the account should not be opened for fraud and mistake therein. The citation was served, and the hearing of the matter was had on the fifteenth day of February, 1867, when the Orphans Court ordered the account to be opened for fraud and mistake therein, proved to the satisfaction of the court, and appearing on the face of the account. The decree recited that the account had been improvidently and inadvertently allowed, contrary to law, and that sufficient time had not elapsed between the reporting of the account and the allowance thereof.

By the account, it appeared that the executor had not sufficient assets to satisfy the debts and expenses. The estate accounted for was $38.66, and the debts and expenses allowed were $243.92.

Among the charges was one for $66.60, costs in the Prerogative Court, and one of $10, counsel fee, for arguing case in that court. There were also two counsel fees, one of $15, and one of $25, paid on the day on which the account was audited. There were only two charges, amounting to $3.46, which could have been for debts of testatrix; all the others were for funeral expenses and expenses of administration. There was a charge for $42, for commissions and forty-two days' service, by the accountant.

The respondents offered in evidence a certified copy of a decree in this court, on an appeal between these parties, in which the accountant was ordered to pay the costs in that appeal out of his own funds, and offered proof that the costs and counsel fee in the Prerogative Court, charged in the ac-

count, were the fees in that appeal. The accountant objected to the copy, on the ground that it was illegal and incompetent. The court received the evidence.

The appellant appeals from the whole of the decree of the Orphans Court generally, without specifying the grounds of their appeal.

The first point taken by the counsel is, that it does not appear that the respondents were interested in the estate, or had any right to interfere in the matter. This objection was not raised in the court below, and that court made no decision upon it, and it is a settled rule on appeals of this nature, that no question can be raised here, unless it appears that the question was raised and decided in the court below.

In the next place, it appears in the petition filed in the Orphans Court, verified by oath, that the respondents were interested in the estate. This was sufficient proof to give them a standing in that court, until the question was directly raised by the written or oral responsive allegations of the accountant, denying the fact.

The next point of the counsel for the appellant is, that the petition in the Orphans Court did not specify in what the fraud or mistake consisted. The petition expressly asks that the account shall be opened, because it was improvidently allowed, at the same term at which it was presented. It does not specify the items in which the fraud was alleged. I do not think that there is any rule of law, or rule or decision of this court, that requires this specification in the petition; such a rule would, perhaps, be a salutary one for the Orphans Court to adopt.

Another point taken by the appellant is, that the court below received in evidence a copy of the bare decree in this court, without the preliminary proceedings. The general rule is, that a decree is no evidence, without the preliminary proceedings. I doubt whether that rule, or the reason of it, would apply to a case like this, when the charge of the accountant, for the costs of the appeal, admits the existence of it, and the decree was only opened to show that he was di-

rected to pay these costs. But it does not appear that this or any other ground of objection was stated to the court. The question on which an appeal is based must have been submitted to the decision of the court below, and their opinion had upon it. Besides, there is no appeal from this decision of that court upon the evidence. And in this court, the whole record of the proceedings on that appeal is before the court.

The fourth point taken is, that the order is irregular and illegal, because it opens the whole account, and does not merely re-state and correct it in the items in which the fraud or mistake is proved. If fraud or mistake in the account, was the only ground of the action of the court below, this objection would be well taken. The re-settlement of an account for fraud or mistake, proved to the satisfaction of the Orphans Court, under the twenty-seventh section of the Orphans Court act,* should be confined to correcting the items in which the fraud or mistake is proved, and such parts of the account as are affected by the change so made. The residue of the account, not affected by such proof, should be allowed to stand as settled. But in this case, it appeared that the account had been improvidently allowed, contrary to the express provision of the statute; it was allowed by the court at the same sitting when the report was made. The whole allowance of the account was wrong, and if set aside for that cause, it should be set aside altogether, and the parties interested should be allowed to contest every item in it.

The decree setting aside the account, distinctly recites that it appeared to the court that it was allowed without sufficient and legal time between the reporting and allowance; and although, after this, it orders it to be set aside for fraud and mistake therein, and the allowance thereof, yet these words may be treated as surplusage, or as referring to the mistake in the allowance before the proper time. And if the decree of allowance was rightly set aside, under the general authority of courts to correct errors and mistakes in their own

* *Rev.*, p. 775, sec. 108.

Trimmer's Executor *v.* Adams.

decrees, the court below was right in allowing exceptions to be taken to any part of the account.

The conduct of the accountant, in charging in his account the expenses of an appeal which this court had decreed should be paid out of his own pocket, was a gross fraud, and the account should have been re-stated for that, if the allowance had been regular in time and form. He exhibited to the surrogate and the court below, an account, with this charge in it, and made oath that it was just and true, without exhibiting the decree of this court, which would have shown that it was unjust and false.

Let the decree of the Orphans Court be affirmed with costs; and as the account and proceedings are now in this court, let the respondents have leave to file their exceptions in this court, where the matter may be continued until the final settlement of the account.