In the matter of the accounting in the estate of PETER N. FREY, deceased.

[Argued May 6th, 1907. Decided July 8th, 1907.]

1. A collusive sale of an intestate's assets clothes the purchaser with no rights against those interested in the estate, and where intestate's grocery stock was sold to one who transferred his right to the administratrix individually, she must account for the stock as administratrix.

2. Where exception is made to the allowance of an item of an administrator's account, he must prove the claim has been paid.

3. An administratrix is a competent witness on the question whether a claim for which she claims allowance has been paid, and her testimony, in the absence of contradiction, may be relied upon by the court.

4. A matter not presented in the notice of appeal, nor the petition on appeal from a decree upon exceptions to an administratrix's account, cannot be considered.

5. Where an administratrix employed a society to obtain money from intestate's debtor in Germany, and received one-half of the proceeds, the

balance being remitted to intestate's father, she was entitled to credits for money paid the society for obtaining the money and taking proceedings to require the father to pay over to her the money irregularly remitted to him.

6. Where administratrix so conducted the estate as to justify disallowing any claim by her for commissions, it was improper to allow her counsel fees.

On appeal of Wolke Frey from a decree of the Hudson county orphans court, upon exceptions to the account of Emma R. Frey, administratrix of Peter N. Frey.

*Mr. Rudolph F. Rabe,* for the appellant, Wolke Frey.

*Mr. Henry F. Nutzhorn,* for the accountant, Emma R. Frey.

MAGIE, ORDINARY.

The account of Emma R. Frey, administratrix of Peter N. Frey, deceased, was excepted to by Wolke Frey, claiming to be interested in the estate of the deceased. The orphans court proceeded to hear proofs upon the exceptions, and the order made thereupon has been appealed from by the exceptant.

The orphans court has returned no finding of facts, but has sent up, in the transcript, all the evidence taken before it.

It appears therefrom that Peter N. Frey died September 18th, 1902, leaving a widow, but no children or descendants. His father, the appellant, was next of kin, and under our statute of distribution entitled to one-half of his estate. He was a resident of Germany. The deceased at the time of his death was in the grocery business and had a stock of such articles as are sold in a grocery store. He had conducted that business for some years, and a reasonable inference is that he had acquired a good-will which was of value. The widow conducted the same business after his death, with the stock on hand for a whole year. Up to January, 1903, she had not taken out letters of administration. After taking out such letters she continued to conduct the business, but did not make an inventory of the estate until September, 1903. On September 10th, 1903, the administratrix put the stock in trade as it then stood up to

public sale under advertisements. It was struck off to one Frederick J. Lemcke, on his bid of $250. The administratrix was present at the sale and after Lemcke's bid was accepted and the stock struck off to him, she paid him $20, in consideration of which he transferred to her his right to the stock in trade upon his bid, which she assumed to pay. She continued thereafter to carry on business until April, 1904, when she sold it to one Meiner for the sum of $1,450.

It also appears in the case that the deceased owned an interest in a mortgage upon lands in Germany, amounting to 7,000 marks, apparently valued at $1,600.

I will take up and dispose of such of the errors claimed in the petition of appeal as have been argued.

It is first argued that the orphans court erred in not charging the administratrix with an additional $1,200 as the proceeds of the stock and good-will of the grocery business of the deceased. The accountant charged herself with only $250, and the claim is that she should have been charged with $1,200 more. As no inventory of the stock in trade was taken at, or directly after, the death of deceased it is manifest that we have no opportunity to thus determine its value. The inventory taken a year after, probably did not include a single item of stock in trade existing at the death of the deceased. The claim of the administratrix is that the inventory in the same month of the ensuing year would find the articles composing the stock in trade equivalent in value to the articles existing at the decedent's death. That inventory amounted to $288.96. On her own theory she ought to have been charged more than the $250, which she admits. But the claim of exceptant is that the sale of the stock in trade at $250 and its immediate repurchase by the administratrix was a collusive sale, intended to place her in a position to claim the right both to the stock and to the good-will of the business as against any claim of the next of kin of the deceased. That the sale was collusive the evidence is not only persuasive, but, to my mind, convincing. Such a sale cannot clothe the collusive purchaser with any right as against persons interested in the estate. The administratrix, therefore, con-

tinued after the sale in the possession of the property as administratrix and must account for it as such.

It results that she should be made to account for the $1,450 received by her, less the $250 admitted, except for a certain fact appearing in the evidence and not considered in the brief of counsel.

It appears that the sale included some other property than the stock in trade and the good-will of the business. It seems clear that the other property included belonged to the accountant, but it is impossible, from the evidence, to discover what the amount or value of it was.

It follows that the exception must be sustained, unless counsel can agree on the reduction from the price paid by Meiner, which will represent the value of accountant's property included in the sale; otherwise the case must be remitted for further evidence and adjudication on the lines of this opinion.

The second matter argued relates to the exceptions to an allowance of $400 prayed by the administratrix for a headstone and fence about the grave of the intestate. The orphans court sustained this exception and reduced the allowance to $265. It is now contended that the whole amount should have been disallowed. This contention cannot prevail except by discrediting the evidence, for which I perceive no reason.

It is next claimed that an item of $80 claimed by the administratrix to have been paid for the burial plot in which the deceased was buried should have been disallowed. The orphans court refused to sustain this exception, and I see no reason to think that course was erroneous. It seems that the accountant presented no voucher for this payment, but she testified that she had paid it to her uncle. An accountant upon exceptions, to claims for allowance is bound to prove them to have been paid. *Kirby* v. *Coles, 15 N. J. Law (3 Gr.) 441.* The administratrix was a competent witness on this question, and her testimony, in the absence of contradiction, might be relied on by the court. Appellant's counsel insists that the uncle, to whom she testified she had paid the sum, was on the witness-stand, but was not examined as to this matter by the counsel for the administratrix.

There seems no reason why that should have been done, and the exceptant might have examined him himself.

The administratrix prayed an allowance for a payment of $84 to Montagne & Company. It clearly appears that this was an improper claim, as the bill had been paid before the death of Peter N. Frey, but this matter is not presented in the notice of appeal, nor in the petition, and therefore cannot be considered.

It is further insisted that the accountant ought not to be allowed the sum of $236 which she claims she paid to a German society in New York, which she appears to have employed in proceedings to obtain from Germany 7,000 marks which belonged to her husband. The evidence makes it clear that she received moneys presumed to be the equivalent of one-half the claim through the medium of that society or one of its agents. The society's agent obtained the payment from the mortgagor in Germany of the whole amount due to the deceased. He remitted one-half to the accountant as administratrix of her husband and delivered the other half to the decedent's father, the exceptant in this case. This was, of course, entirely irregular. It does not appear that there were any proceedings of the nature of administration of the estate of the deceased which was found in Germany. It does appear that it was questionable whether the estate in New Jersey was not in a condition to require the assets in the foreign administration to be transmitted here for accounting. At all events the administratrix had a right to insist upon it, and she properly expended money in the attempt.

It further appears that she has, since the exceptant has obtained one-half the mortgage debt in this irregular way, paid the society for taking proceedings to require him to pay the money over to her. I think she is entitled to be allowed the money paid by her to obtain the German asset of the estate, and since the exceptant and appellant claim to contest her accounting, he ought not to be permitted to discredit her claim for allowance for money paid for taking steps which his irregular conduct has rendered proper. I think she should have been allowed for these payments.

It is next insisted that the orphans court erred in allowing a counsel fee of $400 for the accountant. It is difficult to dis-

cover any ground upon which this action can be justified. The court below thought the administratrix had so conducted the business of the estate as to justify disallowing any claim by her for commissions. In this I think the court was entirely correct. The course of the administratrix was, to say the least, so irregular and so productive of danger and injury to the estate that I think her commissions were justly withheld from her. But for the same reason I think no allowance should be made to her counsel. If he advised her in the conduct which has been noted above he ought to have no allowance or compensation for such advice. If he advised her with reference to the accounting which she presented to the orphans court, I perceive no reason why he should have any such allowance for that. The account was open to the objections made and sustained in this case.

A decree will be made in accordance with this opinion.