Middleton v. Middleton.

ALLEN MIDDLETON et al., appellants,

v.

CHARLES MIDDLETON, respondent.

The orphans court has no power to allow one executor the amount of a debt which he insists is due him from the testator's estate, or of a fee which he claims to have paid counsel for advice in regard to the estate, if his co-executors dispute their payment.

Appeal from order of Burlington orphans court.

*Mr. J. C. Ten Eyck,* for appellants.

*Mr. J. N. Stratton,* for respondent.

THE ORDINARY.

The testator appointed four executors, all of whom proved the will. The entire estate appears to have gone into the hands of three of them, the appellants; the other, the respondent, received no part thereof. The appellants filed an account in the Burlington orphans court, purporting to be the account of all four, while, in fact, it was only their own. The respondent claimed to be a creditor of the estate, in respect of debts which he alleged were due him from the testator, and also for money paid by him for legal advice as to his duty as executor in reference to that part of the estate which was in Pennsylvania; which claims his co-executors refused to pay. He filed exceptions to the account, because, among other reasons, of such refusal, and because the account was theirs, and not his. The orphans court allowed all the exceptions, and ordered that the executors be credited with the claims in the account. From that part of the order which allowed the claims the three accounting executors appealed.

The court had no jurisdiction to try the validity of the claims

against the estate for debts alleged to be due to the respondent from the testator. Our statutes confer no authority on the orphans court to try disputed claims, except in the case of insolvent estates. *Miller* v. *Pettit, 1 Harr. 421; Vreeland* v. *Vreeland's Admr., 1 C. E. Gr. 512; Smith* v. *Smith's Admr., 12 C. E. Gr. 445.* Nor was the court warranted in ordering that the claim of the respondent for money paid by himself for legal advice be allowed in the account. The three accounting executors had refused to pay it. To justify the orphans court in allowing a claim against an estate, it must appear that the executor or administrator assented to or recognized it as a debt due from the estate. *Vreeland* v. *Vreeland's Admr., ubi supra.* The orphans court could, indeed, properly have passed upon the question as to the amount of counsel fees to be allowed to the accountants, on exceptions by a person in interest or of their own motion. But, in fact, in the case under consideration, they ordered the payment by the accountants to their co-executor, who was not an accountant, of a sum of money paid by him, as he alleged, for legal advice given to him in behalf of the estate.

The order of the orphans court will be reversed, so far as the allowance of the claims in question is concerned, with costs, but in all other respects it will be affirmed.