FARNHAM YARDLEY AND HENRY W. MONTAGUE, EXECUTORS, &c., OF ALFRED B. JENKINS, DECEASED, PROSECUTORS, v. ESSEX COUNTY BOARD OF TAXATION ET AL., RESPONDENTS.

Submitted July 3, 1919—Decided November 5, 1919.

Bonds which are not expressly exempted by the Tax act (*Pamph. L.* 1918, *p.* 847), nor excluded from its operation, and which are physically located in New Jersey and are a part of the unsettled estate of a decedent, are taxable at their true value in the taxing district in New Jersey wherein the decedent resided at the time of his death, even though one of the two executors and trustees of the decedent is a non-resident of New Jersey.

On *certiorari*, &c.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the prosecutors, *Albert C. Wall.*

For the respondents, *Borden D. Whiting.*

The opinion of the court was delivered by

TRENCHARD, J.   Alfred B. Jenkins died December 29th, 1916, a resident of West Orange, New Jersey. By his will he named as his executors and trustees Farnham Yardley, of West Orange, New Jersey, and Henry W. Montague, of Boston, Massachusetts, "and the survivor of them," and devised to them in trust for certain purposes certain bonds.

These bonds were kept by the decedent in his lifetime, and afterwards by his executors, in a safe deposit box in the State of New Jersey, but outside of the taxing district of West Orange, and were physically located in New Jersey, but outside of West Orange, on October 1st, 1918. The estate is still unsettled.

The assessors of West Orange assessed these bonds at their full value as of October 1st, 1918, for the taxes of 1919, and that assessment is brought here for review.

We are of the opinion that the assessment must be affirmed.

The prosecutors ask that "one-half of the assessment and taxes" should be set aside. The substance of their contention is thus stated in their brief: "As the bonds were vested jointly in Yardley, of West Orange, and Montague, of Massachusetts, only one-half thereof, representing the portion of the estate vested in the resident executor and trustee, was taxable in West Orange."

We find no merit in this contention.

Of course, the fact that in previous years the assessment was made in accordance with the prosecutor's present contention is of no consequence in the determination of the present case which relates only to the legality of the taxes of 1919.

We think this assessment lawful.

Section 202 of our Tax law (*Pamph. L.* 1918, *p.* 848) provides that "all property, real and personal, within the jurisdiction of this state, not expressly exempted by this act or excluded from its operation, shall be subject to taxation annually under this act at its true value," &c. From the language quoted it is clear that the property referred to is all property, whether real or personal, and if personal, whether tangible or intangible.

It is conceded that the bonds in question are not expressly exempted by the Tax act or excluded from its operation. It is also true that the bonds were within the jurisdiction of this state. The word "jurisdiction," as used in the act, means governmental jurisdiction, which is the equivalent of sovereignty. *Central Railroad Co.* v. *Jersey City,* 70 *N. J. L.* 81. That bonds which are physically located in a state (as were these) constitute property within its governmental authority is now settled law. The non-residence of the owner is not at all controlling. *"State Tax on Foreign Held Bonds" Case,* 15 *Wall.* 300; *New Orleans* v. *Stempel,* 175 *U. S.* 309; *Wheeler* v. *Sohmer,* 233 *Id.* 434; *Hopper* v. *Edwards,* 88 *N. J. L.* 471.

It is also to be observed that the Tax act provides, in section 301 (*Pamph. L.* 1918, *p.* 853), for the assessment of property of the nature of that in question. It reads: "The tax on all tangible personal property in this state, and on all taxable personal property of non-residents of this state shall be assessed in and for the taxing district where such property is found. * * * Personal property in the possession or under the control of any person as trustee * * * executor * * * shall be assessed in his name as such, separate from his individual assessment, or in the name of any one of several joint trustees * * * executors * * * if the one of them having actual control or possession cannot be ascertained by the assessor; but the personal property belonging to the estate of any decedent shall be assessed in the taxing district wherein the decedent resided at the time of his death, except such part of the tangible property thereof as

may be actually located in some other taxing district in this state and assessed therein."

It will be seen, therefore, that the above-quoted section recognizes that personal property is either tangible or intangible, and that it may be owned by residents or non-residents. It provides, in effect, that if the property is tangible it is assessed where found; if it is tangible or intangible, and is owned by non-residents, it is assessed where found; *but* the personal property (whether tangible or intangible) belonging to the estate of any decedent shall be assessed in the taxing district wherein the decedent resided at the time of his death, except such part of the tangible property thereof as may be actually located in some other taxing district in this state and assessed therein.

The prosecutors assume in their brief that the bonds in question are intangible personal property. They make no claim that they are tangible property. They make no claim and there is nothing to indicate that the bonds were assessed in the taxing district where they were actually located.

It follows, therefore, that since the bonds in question were not expressly exempted by the Tax act, nor excluded from its operation, and since they were physically located in New Jersey and were a part of the unsettled estate of the decedent, they were taxable at their true value in the taxing district wherein the decedent died, even though one of the two executors and trustees of the decedent was a non-resident of New Jersey.

The assessment will be affirmed, with costs.