Hudson County Orphans Court.

IN THE MATTER OF THE ESTATE OF PHILLIPINE HAZEL-TINE, DECEASED.

Decided December 13, 1934.

For the petitioner, *Horace L. Allen.*

For the respondent, *Dougal Herr* (*John Milton*, of counsel).

Kinkead, C. C. J.   Phillipine Hazeltine, a resident of the city of Hoboken, died on March 11th, 1932, leaving a last will and testament which was duly admitted to probate by the surrogate of the county of Hudson on April 5th, 1932. Arthur Elmore Halenbeck was named executor and trustee in the said will, and letters testamentary were duly issued to him by the said surrogate.

The personal property in the possession and under the control of the said Halenbeck, as executor aforesaid, was assessed for taxes for the year 1933 by the assessors of the city of Hoboken as of October 1st, 1932, in the amount and for the sum of $250,000.   None of this personal property was found in any other taxing district and assessed therein, but all of it was assessed in the taxing district of the city of Hoboken, that being the taxing district wherein the deceased resided at the time of her death.

On or about January 10th, 1933, the assessors of the city of Hoboken filed with the Hudson county board of taxation their complete assessment list containing the above assessment, and the Hudson county board of taxation, shortly prior to June 1st, 1933, caused the corrected, revised and completed duplicates of the assessment rolls to be filed with the collector of taxes of the city of Hoboken, which included the above assessment against the said executor and the said estate.

On or about June 1st, 1933, the collector of taxes of the city of Hoboken mailed to Arthur Elmore Halenbeck, executor of the estate of Phillipine Hazeltine, at his purported residence, 114 Westervelt avenue, Tenafly, New Jersey, a tax bill covering the above assessment for 1933. The executor never appealed from this assessment to either the Hudson county board of taxation or the state board of tax appeals.

On July 5th, 1933, the executor filed with the surrogate of Hudson county an accounting in which he charged himself with a total of $355,651.38 personal property, and prayed allowance for the sum of $239,374.55, being the total of the legacies and debts paid by him. Although this accounting purported to be and is described by the executor as a final accounting, it was in fact and in truth an accounting made as of January 31st, 1933.

On August 9th, 1933, a decree allowing this account as a final account, as stated, was made by the Hon. Thomas H. Brown, judge of the Hudson County Orphans Court.

One-half of the above taxes became due and payable on June 1st, 1933, and the remaining half on December 1st, 1933, but they have never been paid by the executor, nor was payment thereof provided by him. No mention, whatever, was made of the above taxes in the final account, and nothing relating to these taxes was brought to the attention of the court at the time that the decree on the final account was entered.

No inventory or appraisal was ever filed by the executor or trustee. Refunding bonds executed by the legatees under the will were not filed by the executor and trustee in the surrogate's office in Hudson county, with the following exceptions: Young Men's Christian Association of Hoboken,

Memorial Day Nursery of Hoboken, Christ Hospital of Jersey City, and Mrs. Ahearn, of Ridgewood.

The executor made distribution of this estate without paying the above taxes levied and assessed by the city of Hoboken, although he had knowledge of the assessment and taxes.

At the time that the assessment of $250,000 against the personal estate of the decedent was levied for the year 1933, the executor was a resident of the State of New Jersey, but prior to October 1st, 1933, he removed from New Jersey and is now residing in the State of Massachusetts.

On October 15th, 1933, he conveyed his residence property, 114 Westervelt avenue, Tenafly, New Jersey, to his father, Otto L. Halenbeck, of Montclair, by deed bearing that date and recorded on November 20th, 1933. All of the personal property held by and in possession of the executor and trustee has been removed from the State of New Jersey and is outside the jurisdiction of this court, and the executor has also sold and conveyed all of his real estate in New Jersey and removed his other property out of the State of New Jersey and outside the jurisdiction of this court.

The testatrix, under her will, provided as follows:

"11th. I hereby direct that all the bequests which I have made in this my last will and testament, shall be paid in full, free from all inheritance or estate taxes, both federal and state, and all and any other taxes, charges and expenses, and I further direct that all said taxes, charges and expenses shall be paid from out of my residuary estate."

Under the will, the testatrix bequeathed the sum of $100,000 in trust to pay the income therefrom to Arthur Elmore Halenbeck, during his lifetime; the sum of $25,000 in trust, to pay the income to Barbara Claire Halenbeck until she attains the age of thirty years, and the sum of $25,000 in trust, to pay the income to Arthur Davis Halenbeck until he attains the age of thirty years.

The city of Hoboken has assessed this trust estate of $150,000 for the year 1934, but from that assessment, the trustee has taken an appeal in due form to the Hudson county board of taxation. He has, however, removed this

trust estate from the jurisdiction of this court in the State of New Jersey, and does not now reside within ·this state and cannot be found therein to be served with citation or process.

William H. Gilbert, director of revenue and finance and the collector of revenue of the city of Hoboken, filed a petition in this court on April 4th, 1934, upon which date, an order was entered by this court directing Arthur Elmore Halenbeck, the executor and trustee of the estate of Phillipine Hazeltine, deceased, to show:

(1) Why the order allowing the final account made on August 9th, 1933, should not be set aside;

(2) Why he should not be ordered to file an inventory and an appraisal;

(3) Why he should not be ordered to take refunding bonds and releases from each of the persons to whom payment was made by him of any legacy, and file the same;

(4) Why he should not be ordered to make and file a proper accounting, and make payment of all governmental impositions;

(5) Why he should not be ordered to bring all personal property belonging to the estate in his possession as executor or trustee within the county of Hudson, and the jurisdiction of this court, and deposit the same as the court may direct;

(6) Why he should not be required to give security to the ordinary of the State of New Jersey;

(7) Why he should not be ordered to file with the surrogate a power of attorney to the surrogate;

(8) Why the letters testamentary issued to him should not be revoked, and he be removed from office as executor and an administrator *cum testamento annexo* appointed in his place and stead;

(9) Why he should not be removed as trustee and a new trustee be appointed;

(10) Why he should not be ordered as executor and trustee to perform all other acts relative to the estate and to the trusts.

The order to show cause contains also a provision restraining Halenbeck, as executor and trustee, from paying or trans-

ferring any part of the estate and trusts until the further order of the court.

The respondent in this case contends that the proceeding is one exclusively to aid in the collection of a tax, and that this court is without jurisdiction in the premises.

This court recognizes the principles of law enunciated by Mr. Justice Garrison, speaking for the Court of Errors and Appeals in the case of *Board of Chosen Freeholders of Atlantic County* v. *Inhabitants of Weymouth,* 68 *N. J. L.* 652; 54 *Atl. Rep.* 458, that:

(1) Taxes are in legal contemplation neither debts nor contractual obligations, but are in the stricter sense of the word exactions;

(2) Where the legislature has prescribed a special method respecting such divestments and their devolution, such method must be pursued to the exclusion of others based upon general legal rules.

It is settled that taxes become liens upon property solely from express legislation and can be collected only in the manner provided by statute. *Linn* v. *O'Neill,* 55 *N. J. L.* 58; 25 *Atl. Rep.* 273; *Booth & Bro.* v. *City of Bayonne,* 85 *N. J. Eq.* 281; 98 *Atl. Rep.* 666; *Archibald* v. *Maurath,* 92 *N. J. Eq.* 357; 113 *Atl. Rep.* 6.

In the case *sub judice,* it was the duty of the executor to pay the taxes imposed against the personal estate of the decedent in the process of settlement on their preferential footing. 24 *C. J.* 294, § 902; 24 *C. J.* 109, § 550; *Township of Morris* v. *Carey,* 27 *N. J. L.* 377 (at *p.* 400); *Ely, Pros.,* v. *Collector of Holmdel Township,* 39 *Id.* 79; *Wyckoff, Pros.,* v. *Jones, Ibid.* 650; *Dey* v. *Codman,* 39 *N. J. Eq.* 258; *Brown* v. *Brown,* 72 *Id.* 667; 65 *Atl. Rep.* 739; *Yardley* v. *Essex County Board of Taxation,* 93 *N. J. L.* 290; 108 *Atl. Rep.* 299.

He should not have made distribution of any part of the estate until the tax and other legal charges against the decedent's estate had been paid or provided for and his account allowed by this court. 24 *C. J.* 472, § 1281.

Since the executor knew of the assessment for 1933, he should have either paid this tax prior to the final accounting,

or have made provision therefor in the final accounting, or have brought the matter to the court's attention. He did not question the legality of this tax in the manner provided by statute, and in this proceeding, he cannot collaterally attack this assessment. *Township of Morris* v. *Carey, supra.* See, also, *Williams* v. *Holden,* 4 *Wend.* 228.

In withholding from this court information relating to this tax, and not making any mention thereof in the final accounting, the executor was guilty of fraudulent conduct. Under these circumstances, the final account was fraudulent and the decree of this court made on August 9th, 1933, allowing this account of the executor, should be set aside. *Kocher's N. J. Probate Law* 657.

His failure to pay these taxes, or to appeal therefrom, was a neglect upon his part to perform his duties as executor, and he is wasting the estate of the decedent by subjecting it to statutory penalties for the non-payment of taxes. He has also been derelict in his duties in not obtaining refunding bonds from the legatees to whom he has made payment and filing these refunding bonds with the surrogate of Hudson county.

In the case of *Thayer-Martin* v. *Underhill,* 115 *N. J. Eq.* 526; 171 *All. Rep.* 687, it was held that the condition in the usual administrator's bond, that the administrator will administer the decedent's estate well and truly, according to law, includes the duty of the administrator to pay transfer inheritance tax. At page 529, Vice-Ordinary Buchanan says:

"The duty to administer assuredly is not limited solely to the payment of debts due creditors of the decedent * * *. It is deemed that the obligation to administer includes the duty to pay or discharge out of the assets of the estate all liabilities imposed by law upon those assets; and the payment of this tax is as much one of those liabilities as is the payment of funeral expenses."

In the same category must be included the payment of the 1933 taxes in the instant case. By failing to pay these taxes, the executor has failed to administer the estate in accordance with law. The statutory limitation for the review of the assessment for these taxes against this estate has

expired (*Pamph. L.* 1918, *p.* 879, § 701), and the executor has done nothing with reference to the payment of the taxes.

Under sections 149 and 150 of the Orphans Court act (3 *Comp. Stat., pp.* 3868, 3869), this court has plenary power to remove any executor, administrator or trustee who has wasted or misapplied any part of the estate committed to his custody, or who has abused the trust and confidence reposed in him, or who has removed out of this state, or does not reside therein, and shall neglect or refuse to proceed with the administration of the estate and to execute and perform the duties and trusts devolving upon him.

The respondent contends that the failure of the executor to pay the assessed taxes is no cause for his removal.

In *Pfefferle* v. *Herr* (1908, *Prerogative Court*), 75 *N. J. Eq.* 219; 71 *Atl. Rep.* 689; *affirmed,* 77 *N. J. Eq.* 271; 79 *Atl. Rep.* 1119, the removal of an executor was sought because he had allowed a tax upon the testator's real estate to become in default, and interest and penalties were added to the amount of the taxes, and some of the real estate sold by the city of Newark.

Vice-Ordinary Walker held there was much to criticise in the executor's conduct, but that the removal of the executor was not justified, but rather the giving of security by the executor was all that was requisite.

In *Starr* v. *Wiley,* 89 *N. J. Eq.* 79; 103 *Atl. Rep.* 865, it was held that where the funds of a trust estate are likely to be jeopardized the remedy is to require the trustee to give a bond, and the court refused to order a removal of the testamentary trustee.

The memorandum of counsel for the respondent further cites *Carpenter* v. *Gray,* 32 *N. J. Eq.* 692; *Holcomb* v. *Coryell,* 12 *Id.* 289; *In the Matter of Flinn's Case,* 31 *Id.* 640, and numerous other cases in support of the respondent's contention.

The case *sub judice,* however, must be differentiated from all the cases cited because of the fraudulent conduct and bad faith of the respondent.

The respondent's brief urges that no bad faith can be charged against the executor because his refusal to pay the

assessed taxes was based on the fact that the executor thinks that the assessment is discriminatory.

It was the privilege and the duty of the executor to contest the legality of the tax, if he disputed it, or if he felt the assessment was excessive, he could have appealed it.

The executor took neither of these two courses, and his conduct demonstrates that he decided for himself, without recourse to any legal remedy open to him, that the tax should not be paid. And it is quite evident that he thereupon proceeded not only to ignore the tax, but, also, to frustrate, if possible, any effort the city of Hoboken might make to collect the same.

The executor, by withholding the true status of the estate from the court, obtained the decree allowing the final account. Counsel for the respondent cannot seriously urge that, if the executor had frankly set forth the assessment of the city of Hoboken, the court would have allowed the settlement of the final account on August 9th, 1933. It necessarily follows that the concealment of this assessment was an act of bad faith on the part of the executor and a fraud upon the court, and this violation of the trust and confidence reposed in the executor, unquestionably requires his removal, instead of merely requiring him to give security.

The court regards the sale of the executor's residence in Tenafly, New Jersey, to his father in October, 1933, and his removal out of this jurisdiction to the State of Massachusetts, and his taking with him the assets of the estate, as further proof of his bad faith and his determination not to pay the tax, and his intent to frustrate, if possible, any legal steps the city of Hoboken might take, in accordance with the statutory remedy to collect the same.

The derelictions of the executor come within the purview of sections 149 and 150 of the Orphans Court act, and he should therefore be removed as executor, and the letters testamentary issued to him as executor of the last will and testament of Phillipine Hazeltine, deceased, should be revoked, and an administrator with the will annexed should be appointed by this court to complete the administration of the said estate.

The court, however, does not deem it advisable to remove Halenbeck as trustee, for as trustee, he has taken the necessary steps to question the validity of the tax on the trust estate. It is not the province of this court in this proceeding to determine whether or not the imposition of the tax on the trust property is without statutory warrant and is unconstitutional, as contended by the respondent. That question can be determined in the proper tribunal.

Since the trustee, however, is the same person who has committed acts sufficient to warrant his removal as executor, the court is constrained to find that the trustee should be required to give security to the Ordinary of the State of New Jersey, conditioned for the faithful performance of his duties as trustee under the last will and testament of the deceased, by virtue of section 140 of the Orphans Court act. 3 *Comp. Stat., p.* 3866. The trustee, being a non-resident, should also file with the surrogate of the county of Hudson a power of attorney, pursuant to the provisions of chapter 118 of the laws of 1930.

An order may be entered as above indicated upon proper notice.