DIVISION OF TAX APPEALS.

**IN** THE MATTERS OF APPEALS FROM JUDGMENTS OF THE SOMERSET COUNTY BOARD OF TAXATION DISMISSING TWO COMPLAINTS OF CHRISTOPHER G. HORNER, COLLECTOR OF THE TOWNSHIP OF HILLSBOROUGH, CONCERNING INTANGIBLE PERSONAL PROPERTY WHOLLY OMITTED BY THE ASSESSOR FROM THE ASSESSMENT LISTS AND DUPLICATES OF THE TAXING DISTRICT OF THE TOWNSHIP OF HILLSBOROUGH FOR THE YEARS OF 1942 AND 1943, ALLEGED TO BE IN POSSESSION OR UNDER CONTROL OF WALTER C. PARKER AND OTHERS AS TRUSTEES UNDER A TRUST COMMONLY KNOWN AS THE "DUKE ENDOWMENT."

Decided November 12, 1946.

For the petitioner, *Edward R. McGlynn, Arthur B. Smith* and *Harry E. Walburg* (by *Edward R. McGlynn*).

For the trustees of the "Duke Endowment," *Pitney, Hardin, Ward & Brennan* (by *William J. Brennan, Jr.*).

KREAMER, Commissioner. On November 20th, 1943, and on November 24th, 1944, the Township of Hillsborough by virtue of *R. S.* 54:3–20; *N. J. S. A.* 54:3–20 filed separate complaints with the Somerset County Board of Taxation alleging that certain specified intangible personal property consisting of stocks and bonds in the possession or under the control of the trustees of "Duke Endowment" was wholly omitted from the assessment rolls for the years 1942 and 1943, respectively. Both of these complaints and the subsequent denials of relief sought under them through the Somerset County Board of Taxation are the subject of the present appeals now before this body for its determination and will be considered together, since both involve the same factual and legal issues.

Judgments of the Somerset County Board were sought under these complaints whereby $114,018,228 for the year 1942 and $137,453,591 for the year 1943 would be added to the tax rolls of Hillsborough. Both of these figures were specified as the true value of the stocks and bonds as of the respective assessing dates. The omitted assessments were sought to be added in the name of fifteen trustees (under authority of *R. S.* 54:4–10; *N. J. S. A.* 54:4–10), it being alleged that the said intangibles were in their possession or under their control.

The facts are not in dispute. The stocks and bonds involved in these appeals are the subject-matter of a trust indenture dated December 11th, 1924, which all parties herein have chosen to identify as an *inter vivos* common law trust. The settlor of this trust agreement was one James B. Duke, who was a resident of the Township of Hillsborough at the time of execution of the trust indenture. Mr. Duke died prior to the assessing dates for the years 1942 and 1943.

The trust so created is commonly known as the "Duke

Endowment" and the trustees maintain a business office in Rockefeller Plaza, New York City, New York. None of the evidences of the intangibles involved, namely the stocks and bonds themselves, is located in this state nor is the trust administered or controlled in this state by any of the trustees. This trust indenture provides, under the eighth article thereof, as follows:

"This Indenture is executed by a resident of the State of New Jersey in said State, is intended to be made, administered and given effect under and in accordance with the present existing laws and statutes of said State, notwithstanding it may be administered and the beneficiaries hereof may be located in whole or in part in other states, and the validity and construction thereof shall be determined and governed in all respects by such laws and statutes."

The foregoing quotation from the trust instrument is included in this recital because, as will appear, counsel for Hillsborough regards it as significant in establishing a taxable *situs* in Hillsborough.

It was conceded by the Township of Hillsborough that all of the trustees, with the exception of Albert H. Sands, Jr., and Doris Duke Cromwell, were non-residents of the State of New Jersey. The former was a resident of Westfield, Union County, New Jersey, as of the assessing date in the 1942 case but was a non-resident as of the assessing date in the 1943 case. As to Doris Duke Cromwell the record is barren of anything that would satisfy this body as to her place of residence. The township, in its petition of appeal in the 1942 case, alleged that her residence was in Hillsborough but never went beyond that bare allegation and submitted nothing of any probative value showing residence in Hillsborough. Thus it was not established that any of the trustees resided in the Township of Hillsborough as of the assessing date in either the 1942 or the 1943 case.

In both the 1942 and 1943 cases, notices of the filing of the complaints were served upon the trustees by registered mail to those whose addresses were known, and by leaving fifteen copies with the secretary of the "Duke Endowment Trust" at the business office in New York City. In only one

instance was personal service attempted; that was in the 1942 case upon Albert A. Sands, Jr., by leaving copies at his residence in Westfield, New Jersey.

On June 5th and December 15th, 1944, respectively, judgments of the Somerset County Board of Taxation were entered dismissing the complaints for lack of jurisdiction over the persons of the trustees and over the subject-matter. The reversal of both of these judgments is sought by these appeals.

Petitioner also challenges the propriety of several orders entered by the County Board in both matters while they were pending before that body. Briefly, those orders involve the quashing of a number of services on the trustees, the denial of an application by the petitioner for an order compelling the appearances of certain witnesses and the production of certain records and the denial of an application by the petitioner for an order designating the manner and form of service to be made upon the trustees. It will not be necessary to pass on the propriety or correctness of these interlocutory orders, since they can in nowise have a bearing upon the conclusion of this board.

After these appeals were filed, counsel for trustees moved for their dismissal on the ground of lack of jurisdiction over the persons of the trustees and over the subject-matter. This board determined that the matters should not be disposed of on motion and affidavits and accordingly set the matters down for formal hearing. The sole issue before us now is the question of jurisdiction of Hillsborough to tax these intangibles.

Counsel for the township contends that jurisdictional or taxable *situs* of the trust exists in Hillsborough and bases this contention upon two factors:

(1) That the settlor was a resident of the township at the time of the creation of the trust and remained a resident until his death sometime prior to the assessing dates, and

(2) that the trust instrument provides that the trust is to be administered in accordance with the then existing laws of this state.

We fail to see in what manner such factors operate to create a jurisdictional or taxable *situs* in Hillsborough. Since the power of taxation is not inherent in any political subdivision

of the state, but must be conferred by proper legslative enact-ment (1 *Cooley on Taxation* (*4th ed.*), § 122; *Township of Bernards* v. *Allen,* 61 *N. J. L.* 228; 39 *Atl. Rep.* 716), we must look to the statute for the authority of Hillsborough to tax the subject intangibles in this instance.

*R. S.* 54:4–9; *N. J. S. A.* 54:4–9, is the section of our present Tax Act containing the necessary legislative mandate conferring jurisdiction upon the various taxing districts to assess all personal property. This section reads as follows:

"The tax on all tangible personal property in this state and on all taxable personal property of non-residents of this state, except as otherwise provided in this title, shall be assessed in and for the taxing district where the property is found. The tax on other personal property shall be assessed on each in-habitant in the taxing district where he resides on October first in each year."

Particular attention should be paid to the second sentence, "The tax on other personal property shall be assessed on each inhabitant in the taxing district where he resides * * *." The phrase "other personal property" has been construed, as will be seen, to include intangible personal property. *Mary McBride, Executrix of the Estate of Anthony Mari* v. *City of Jersey City,* 19 *N. J. Mis. R.* 637; 22 *Atl. Rep.* (*2d*) 567; *New Jersey Tax Reports* (*Supp.* 1941), 122. This being so, the question that presents itself is whether intan-gible personal property may be assessed by a taxing district in the name of trustees, none of whom resides in the said district. We must conclude this question in the negative.

Since the assessment of these intangibles is sought in the name of the trustees under *R. S.* 54:4–10; *N. J. S. A.* 54:4–10, which reads: "Personal property in the possession or under the control of a person as trustee * * * shall be assessed in his name as such * * *," it is difficult to con-ceive how it may be argued that the "trustee" mentioned in this section is not the "inhabitant" designated in *R. S.* 54:4–9; *N. J. S. A.* 54:4–9. The inescapable logic of this is further borne out by the fact that both *R. S.* 54:4–9 and *R. S.* 54:4–10; *N. J. S. A.* 54:4–9 and *N. J. S. A.* 54:4–10, were once part of the same section known as section 301 of

the General Tax Act of 1918. Any doubt on this score was resolved in the case of *Arthur Elmore Halenbeck, Trustee,* v. *City of Hoboken, New Jersey Tax Reports* 1934-1939, *p.* 107, wherein it was held that the trustee in whose name intangibles were sought to be assessed must be an inhabitant or resident of the particular taxing district.

The facts in that case are analogous to those involved here. The taxing district of Hoboken levied an assessment upon intangibles against one Halenbeck, who was appointed trustee and executor under the last will and testament of one Hazeltine. Hazeltine had died a resident of Hoboken and had set up this trust in his will, said trust consisting of bonds and cash held for certain named beneficiaries with the said Halenbeck as trustee. Prior to the assessing date the intangibles were transferred by Halenbeck as executor to himself as trustee, so that the trust property was not part of the decedent's estate as of that time. Also, prior to the assessing date, the trustee moved his residence to Massachusetts and took with him the trust assets. It was held that these intangibles were not taxable by Hoboken, the court stating:

"Section 301 of the General Tax Act, *supra,* provides that all tangible personal property shall be assessed in this state in and for the taxing district where said property is found; that all other personal property (which includes intangible personal property) shall be assessed to each inhabitant in the taxing district where he resides on the first day of October of each year; that personal property in the possession or under the control of a trustee shall be assessed in his name as such, separate from his individual assessment. The trust property, not being tangible and not being found in the taxing district of the City of Hoboken, and the trustee not being an inhabitant of that taxing district on the assessing date, or never having been a resident in that taxing district, the property was not subject to taxation in the City of Hoboken. If the property were taxable within this state, it would be taxable at the residence of the trustee."

The case of *Paul Beardsley, Executor,* v. *Borough of Oakland, New Jersey Tax Reports* 1912-1934, *p.* 228, is further authority for the view that a trustee must be an inhabitant

of the taxing district to be taxable by that district. This case involved an assessment in the name of an executor for the year 1917, part of which included certain intangible property. The statute applicable was section 11 of the Tax Act of 1903 which read:

"The tax on all tangible personal property in the State and on all taxable personal property of non-residents of this State shall be assessed in and for the taxing district where such property is found; the tax on other personal property shall be assessed on each inhabitant in the taxing district where he resides on the twentieth day of May in each year; personal property in the possession or under the control of any person as trustee, guardian, executor or administrator, shall be assessed in his name as such, separate from his individual assessment, or in the name of any one of several joint trustees, guardians, executors or administrators, if the one of them having actual control or possession cannot be ascertained by the assessor." Laws 1903, page 400.

Parenthetically, it should be noted that the foregoing section quoted was later amended to include a provision to the effect that property belonging to the estate of a decedent must be taxed in the district wherein decedent died. But as of the date of the assessment involved in this case no such provision was contained in the act, so that the following quotation from the opinion is applicable to the case at bar:

"The requirement in this section that personal property in the possession of an executor shall be assessed in his name as such, in no way modifies the antecedent provision of the section that tangible property in the state shall be assessed in and for the taxing district where found and that the tax on other personal property shall be assessed on each inhabitant in the taxing district where he resides on the twentieth day of May. The result is that an executor is assessable for the intangible personal property of his testate in his possession in the taxing district in which he resides. The appellant in this case resided in the Borough of Oakland, and therefore all intangible personal property in his possession as executor on May twentieth had a taxable *situs* in that taxing district."

See, also, *John D. McGill Estates* v. *Jersey City, New Jersey Tax Reports* 1912-1934, *p.* 117.

The record is clear that none of the trustees was a resident of Hillsborough. By reason of the statute and decisions construing it we view this as fatal to the jurisdiction of the township to assess these intangibles. The fact that the original settlor of the trust was a resident of Hillsborough during his lifetime is of no consequence, since the statutory mandate of residence of the trustee or trustees in the taxing district has not been met. Also, we fail to see the efficacy of the argument that article 8 of the trust indenture which provides that the trust is to be administered in accordance with the then existing laws of this state operates to grant jurisdiction to Hillsborough. This clause appears to have been included merely to resolve in advance any question of conflict of laws between states with respect to the "validity and construction" of the trust instrument and cannot effect the question of jurisdiction of this township to assess these intangibles.

In an attempt to show that intangibles have a taxable *situs* apart from any consideration of residence of the trustees, counsel for petitioner has cited the following cases: *Tennant* v. *State Board of Taxes and Assessments,* 95 *N. J. L.* 465; 113 *Atl. Rep.* 254; *Swetland* v. *Swetland,* 105 *N. J. Eq.* 608; 149 *Atl. Rep.* 50; *Yardley* v. *Essex County Board of Taxation,* 93 *N. J. L.* 290; 108 *Atl. Rep.* 299. We do not consider any of these cases applicable to the issue involved here. The Tennant case dealt with tangible personable property wherein the court properly determined that tangible personable property may be taxed under the statute in the taxing district where it is physically located. The Yardley decision involved intangibles belonging to an estate wherein it was held that under express provision of the statute the intangibles must be taxed in the district where the decedent died. The Swetland case was not a tax case, and in any event the language quoted by counsel from that decision with respect to the *situs* of *inter vivos* trusts has been criticized. See *Cutts* v. *Najdrowski,* 123 *N. J. Eq.* 481; 198 *Atl. Rep.* 885; *Reiner* v. *Fidelity Union Trust Co.,* 126 *N. J. Eq.* 78; 8 *Atl. Rep.* (2d) 175.

Our determination, as stated, is that the subject intangibles had *no* taxable *situs* in the Township of Hillsborough. Accordingly, the appeals will be dismissed and the judgments of the Somerset County Board of Taxation dismissing the complaints filed for lack of jurisdiction affirmed.

Judgments accordingly.