**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2704-23

ALAN CHORUN,

    Plaintiff-Appellant,

v.

PHILIP CHORUN,

    Defendant-Respondent.

_____

Submitted March 10, 2025 – Decided May 6, 2025

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Sussex County, Docket No. P-000177-23.

Alan Chorun, appellant pro se.

Patrick J. Cerillo, LLC, attorney for respondent (Patrick J. Cerillo, on the brief).

PER CURIAM

Plaintiff Alan Chorun appeals a Chancery Division order denying his request to remove and to replace his brother, defendant Philip Chorun, as

executor of their father's estate.[1]  The Chancery Division judge concluded Alan

had not demonstrated Philip breached his fiduciary duty to the estate as

executor.  We agree and affirm.

I.

We discern these facts salient to the limited issue that is presented to us

from the motion record.

Alan and Philip's father, Joseph Chorun, died testate in December 2020

and Philip qualified as the estate's executor shortly afterwards.  Alan is a

beneficiary of the estate.  The parties' sister, Leslie, occupied the real property

Joseph owned at his death.  According to Joseph's will[2]

> If, at the time of my passing, my beloved son, Alan
> Chorun or any other individual shall be residing in my
> home, Alan Chorun or any other individual shall
> vacate the home within three (3) months of my
> passing and the home shall be immediately listed for
> sale.

To comport with the will's terms, Philip attempted to sell the property

twice.  Neither sale occurred because of remediation issues concerning the

---

[1]  To avoid confusion and since the parties share a common surname, we use their first names.  We intend no disrespect in doing so.

[2]  The record on appeal does not include Joseph's Last Will and Testament. We ascertain the obligations contained in it from the statements made in the various certifications presented by the parties.

property's septic system. Ultimately, Alan and Philip agreed to sell the property to their sister Leslie at a discount. Alan, however, later changed his mind and refused to sign the sale documents.

Philip moved to compel Alan to execute the documents or, alternatively, for the court to give Philip power-of-attorney to sign the sale documents for Alan. Alan cross-moved to remove Philip as executor and asked the court to appoint an impartial third-party replacement.

At oral argument on the applications, Alan posited rhetorical arguments to substantiate his assertions that Philip failed to administer the estate properly and, therefore, should be replaced. Specifically, Alan accused Philip of "violat[ing] the will" and "violat[ing] estate law." Essentially believing him to be "unaccountable to the law," Alan asserted that Philip used his fiduciary office to "bully and intimidate."

In opposition, Philip argued that he met, and continued to meet, his fiduciary responsibility to Joseph's estate. He noted specifically that he listed the real estate for sale according to the strict terms of the will and attempted to negotiate solutions when the estate confronted property remediation issues. When the property could be sold to another beneficiary, Philip's efforts to do

3

so were hampered by Alan's "obstreperous behavior" that impaired Philip's ability to administer the estate.

The Chancery Division judge focused on the pertinent issue, recited the proper law, and ultimately concluded that Alan had not "demonstrated by clear and convincing evidence that the executor has violated any of the prongs of N.J.S.A. 3B:14-21 . . . ." The judge denied Alan's request to remove Philip and concluded "[t]here's no evidence of any embezzlement [n]or any wrongful acts by the executor." The judge also acknowledged that any of the financial entitlements or obligations that arose as part of the estate administration would be considered when the final estate accounting was submitted.

Plaintiff appealed.

II.

We provide substantial deference to a trial judge deciding whether to remove an executor. Consequently, we will not disturb a trial judge's decision unless the trial judge clearly erred in applying his or her discretion. Wolosoff v. CSI Liquidating Tr., 205 N.J. Super. 349, 360 (App. Div. 1985). The proper exercise of discretion requires "conscientious judgment and not arbitrary action." Id. at 363 (citing In re Koretzky's Est., 8 N.J. 506, 535 (1951)). We support a trial court's discretionary decision if it is premised on consideration

4

of only relevant factors and does not "amount[] to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).

Executors have broad statutory powers to administer estates and must do so "in the exercise of good faith and reasonable discretion[.]" N.J.S.A. 3B:14-23. These fiduciaries must "exercise that degree of care, prudence, circumspection[,] and foresight that an ordinary prudent person would employ in like matters of his own." In re Koretzky's Est., 8 N.J. at 524.

That power, however, is not absolute. Under the statute, a court may remove an executor if he or she "[e]mbezzles, wastes, or misapplies any part of the estate for which the fiduciary [was] responsible, or abuses the trust and confidence reposed in [him or her.]" N.J.S.A. 3B:14-21(c). Similarly, if the estate's fiduciary and the estate's beneficiaries find themselves within a "state of mutual ill-feeling" generated by the executor's administration of the estate that impairs the executor's responsibilities to the estate's management, a court may also remove the executor. Wolosoff, 205 N.J. Super. at 360-61 (quoting May v. May, 167 U.S. 310, 320-21 (1897)).

Under either scenario, removal is an extraordinary remedy. Braman v. Cent. Hanover Bank & Tr. Co., 138 N.J. Eq. 165, 196-97 (Ch. Div. 1946). It is granted only "sparingly." Wolosoff, 205 N.J. Super. at 360. This philosophy

A-2704-23

respects the decedent's wishes. See Connelly v. Weisfeld, 142 N.J. Eq. 406, 411 (E. & A. 1948) ("Where a decedent has chosen and designated persons to act as fiduciaries respecting his estate . . . court[s should] act[] with reluctance to remove them from office."). An applicant who seeks an executor's removal must produce competent evidence demonstrating misconduct or other potential harm to the estate. See In re Hazeltine's Est., 119 N.J. Eq. 308, 316-17 (Prerog. Ct. 1936), aff'd, 121 N.J. Eq. 49 (E. & A. 1936).

## III.

Considering these principles, we conclude the record supports the Chancery judge's discretionary determination to deny Alan's application to remove Philip as the executor of decedent's estate because Alan did not prove that Philip breached any fiduciary duty he owed to the beneficiaries.

First, the argument presented to the Chancery Division lacked substantiated evidence that Philip embezzled, wasted, or misapplied any part of Joseph's estate. N.J.S.A. 3B:14-21(c). It was argued, without support, that Philip withheld rental profits from him as a beneficiary of the estate, permitted improper occupancy of the house, and wrongly charged plaintiff attorney's fees. It was also observed that Philip may have improperly planned to sell the house to their sister at a much lower price compared to his review of other real

estate sales in the area. However, these assertions are only speculative and no credible evidence was presented to support them. See Weil v. Express Container Corp., 360 N.J. Super. 599, 613 (App. Div. 2003).

Second, the Chancery judge discerned that the deteriorated relationship between Alan and Philip represented a personality conflict and disagreement about the methodology of Joseph's estate administration rather than one representing affirmative malfeasance or negligence that would otherwise justify Philip's removal. "[F]riction or hostility" alone between an executor and a beneficiary is not sufficient for removal. Braman, 138 N.J. Eq. at 196. Similarly, a beneficiary who disagrees with an executor's proper execution of discretionary powers, or is "resentful of the fiduciary's authority, or is antagonized by his personality," alone, does not justify the executor's removal. In re Koretzky's Est., 8 N.J. at 531.

In his capacity as executor, Philip attempted to sell the real property timely according to the terms of the will. For reasons specific to the property and independent of the parties' personality conflicts, both sales were not consummated. Thereafter, both Alan and Philip agreed to sell the property to their sister at a modest discount. However, Alan later retracted that consent, which required Philip to take the necessary and responsible action to effectuate

7

decedent's wishes. Although the temporal requirements for the sale of the property were not met, we find on this record that this deviation did not represent any breach of Philip's fiduciary obligation of diligence owed to decedent's estate.

To the extent we have not directly addressed any of Alan's additional contentions, we find they are without merit sufficient to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2704-23