GEORGE PARTRIDGE, JOSIAH PARTRIDGE, H. ESTELLA
STOUTENBOROUGH and MARY M. WOODMAN

*v.*

The executors of CHARLES PARTRIDGE, deceased, and FANNIE
A. PARTRIDGE.

1. Except in the case of insolvent estates, the orphans court has no authority
to try disputed claims, nor to determine who are, and who are not, creditors
of a decedent's estate.

2. A decree made by an orphans court, in a case where the estate has not
been declared insolvent, adjudging that a creditor has, by inequitable conduct,
discharged the estate from liability to him, is *coram non judice.*

On demurrer.

*Mr. John J. Hubbell* and *Mr. Louis Hood,* for the demurrants.

*Mr. S. Howell Jones* and *Mr. Theodore Runyon,* for the
complainants.

VAN FLEET, V. C.

The situation which gave rise to this suit may be sufficiently
stated, for present purposes, as follows: Charles Partridge died
testate in January, 1885; his will was proved shortly after his
death before the surrogate of the county of Essex; the com-
plainants are creditors of his estate in a sum exceeding $14,000;
their debts have been proved and the proofs presented to his
executors, but the debts have not been paid; his estate has not
been declared insolvent; it is not so, in fact; the balance shown
to be in the hands of his executors, by their final account, as
restated and settled by the orphans court of the county of Essex,
exceeds $37,000; the actual balance, however, in their hands, in
cash, when their account was allowed, was less than $8,000, and
that sum constituted the whole of the estate which could then, or
can now, be applied, by judicial means, to the payment of either

·debts or legacies; one of the executors is insolvent and a non-resident; the other is a man of small means, not sufficient to enable him to pay any considerable part of the debts due to the complainants; after the executors filed their final account, exceptions were filed to it, and the orphans court, in pronouncing judgment on the exceptions, decreed, among other things, that, because the complainants had consented to the payment by the executors to one Charles F. Partridge of a large sum of money, more than sufficient to pay their debts, out of moneys which were, in the opinion of the court, primarily liable for the payment of the testator's debts, the executors should stand relieved and discharged from liability to the complainants for their debts, and, further, that a sum in excess of the whole cash balance in the hands of the executors should be paid to the testator's residuary legatee. The complainants bring this suit to get protection against the decree, and to prevent the only part of the testator's estate, which can now be applied to the payment of their debts, from being placed beyond the reach of judicial process. They insist that the decree is *coram non judice.* All the defendants have demurred, the executors as well as the residuary legatee.

The demurrer raises but a single question, and that is, had the orphans court power, under the facts alleged in the bill and admitted by the demurrer, to make a decree subordinating the rights of the complainants, as creditors, to·those of the residuary legatee? The decree, it will be observed, concedes that the complainants are creditors. It does not rest on a finding that their claims are false, or that they have been paid, but shows, on its face, that the court, although it found that the debts were unpaid, nevertheless adjudged that, in consequence of certain inequitable conduct of which the complainants had been guilty, both the executors and the funds in their hands, should stand discharged from all liability for the debts. The power thus exercised, as is manifest, is purely equitable in its nature, and quite as strong and as broad as it would be possible for any court, exercising merely a civil jurisdiction, to exert against a right of property. I know of no law authorizing the orphans

court to exercise so strong a power over the rights of creditors of a solvent estate. Except in the case of insolvent estates, the orphans court has not now, and never has had, authority to try disputed claims, nor to determine who are, and who are not, creditors of a decedent's estate. The cases defining its jurisdiction in this respect are uniform and decisive. *Miller* v. *Pettit, 1 Harr. 421, 427; Vreeland* v. *Vreeland's Admr., 1 C. E. Gr. 512, 527; Middleton* v. *Middleton, 8 Stew. Eq. 115.* So absolute is its incapacity to pronounce judgment on the rights of creditors when the estate is solvent, that it has been held that it cannot, even at the instance of an heir at law, entertain a litigation respecting the validity of the claims on which an application for an order to sell land for the payment of debts is based. *Smith* v. *Smith's Admr., 12 C. E. Gr. 445, 446.*

That such has been the settled law on this subject in this state for a long time, was not disputed on the argument, but it was contended that the statute giving the orphans court power to decree distribution under wills, had so extended the jurisdiction of that tribunal as to give it power to deal with the rights of creditors in the manner that this decree deals with the rights of the complainants. The statute, thus put forward as the warrant for the power exercised against the complainants, simply declares, that after the account of an executor

" Shall have been duly allowed by the decree of the orphans court of any county of this state, it shall be lawful for the said orphans court, upon the application of any party in interest, to adjust, order and make just distribution in accordance with the directions and provisions of the last will and testament, in each case, of what shall remain after all debts and expenses shall have been allowed and deducted." *Rev. p. 785 § 151.*

The argument made upon this statute is, that the power which it gives to ascertain the residue or surplus remaining after the debts and expenses have been allowed and deducted, confers, by implication, power to ascertain and determine the amount of such debts and expenses. That is undoubtedly so, but the debts and expenses meant by the statute are obviously those, and those only, which the executor has paid, and for which he claims

allowance in his account. The regulation prescribed by the statute is a mere accounting regulation, affecting nobody but the accountant and the beneficiaries under the will. No power is given to the orphans court over creditors. If a debt is exhibited to an executor which is disputed, the dispute must be settled in one of the tribunals created for the determination of such questions. Language, identical in substance, is used, it will be seen, in the statute which confers power to decree distribution in cases of intestacy—the important words are " which may remain after the payment of debts, funeral charges and just expenses " (*Rev. p. 784 § 146*)—yet, I think it may be safely said, that nobody ever supposed that those words, or that statute, invested the orphans court with power to do what was attempted to be done by the decree under consideration.

The decree in question is, in my judgment, so far as it attempts to deal with the rights of the complainants as creditors, plainly *coram non judice.* The demurrer must, therefore, be overruled, with costs.