## THE STATE OF NEW JERSEY.

### OCTOBER TERM, 1907.

———— ■ ————

WILLIAM J. MAGIE, ORDINARY.

JAMES J. BERGEN, VICE-ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

———— ■ ————

In the matter of the estate of JAMES McSPIRIT, deceased.

[Argued October 15th, 1907.   Decided December 17th, 1907.]

1. Bonds and mortgages made by three of his sons to testator were found in his possession at his death, and were included in their inventory by his executors.   On exceptions to the inventory by the obligors, the orphans court struck therefrom the principal of the bonds and left the interest which had accrued thereon up to testator's death.—*Held* erroneous, there being undisputed evidence that the bonds were given for a valuable consideration and were payable at a fixed time, and no sufficient evidence that testator had discharged or agreed to discharge the obligations or had made a gift thereof to the respective obligors.

2. The jurisdiction of the orphans court to deal with the matter was not questioned in that court or on the appeal. *Quære*, whether under the power to adjudge upon the "fairness" of an inventory the orphans court may adjudicate as to the title of choses in action apparently valid and included in the inventory because found in testator's possession at his death.

On appeal from the Hudson county orphans court.

*Mr. Mark A. Sullivan,* for the appellant.

*Mr. James S. Erwin,* for the respondent.

MAGIE, ORDINARY.

This appeal brings into review an order of the Hudson county orphans court, sustaining (in part) exceptions to the inventory filed by the executors of James McSpirit, deceased. The exceptions were interposed by three of the sons of the deceased, viz.. James McSpirit, Jr., Francis J. McSpirit and Michael McSpirit. They joined in the exceptions, which were directed—*first,* to the inclusion in the inventory of a bond and mortgage, made to the deceased by James McSpirit, Jr., for the sum of $1,500; *second,* to the inclusion of a bond and mortgage made by Francis J. Mc-Spirit to the deceased to secure a like sum; and *third,* to the inclusion of a bond and mortgage made by Michael McSpirit to the deceased to secure a like sum. The exceptions were referred to a master, who reported to the orphans court that they should be allowed, so far as the principal of the respective bonds was concerned, and should be overruled in respect to the interest unpaid which had accrued up to the death of the testator. The master filed with his report the evidence taken before him upon which he reached his conclusions.

The orphans court, upon a hearing of the parties, confirmed the report and struck out of the inventory those bonds and mortgages, so far as they represented principal of the indebtedness admitted thereby, and retained them in the inventory to the extent of the interest up to the time of the death of the testator.

Appellants, who are the executors of the deceased, have appealed from this order. Upon what grounds the court below

deemed itself justified in approving the report and making an order which recognized the obligation of the bonds as to the principal up to testator's death and then to have ceased, has not been made to appear by any opinion or memorandum of the learned judge who made the order.

The evidence taken by the master discloses that the bonds and mortgages in question came into existence thus: Each of the three exceptants made and delivered his bond and mortgage to testator simultaneously with the delivery to him, by testator, of a deed conveying to him the land upon which he gave the mortgage.

It admits of no doubt that each bond had a sufficient consideration, and each mortgage was a purchase-money mortgage. The bonds were conditioned for the payment of the principal sum at a specified date, with interest. All the bonds and mortgages were found in testator's safe, and the executors would have been derelict if they had not included them in the inventory of the estate.

The contention in support of the order of the orphans court is that it may be sustained upon either of two grounds, viz.: (1) that testator had agreed that the bonds and mortgages in question should cease to be valid obligations and securities at his death; or (2) that testator had, in his lifetime, given to each of the exceptants his respective bond and mortgage. The orphans court would seem to have put its determination upon the first ground, for its order sustains the validity of the bonds as interest-bearing up to testator's death.

The evidence returned discloses no discharge of the mortgages, or contract to discharge them, in writing. Reliance is placed, first, on the conversation which took place between testator and the exceptants at the time the bonds and mortgages were delivered to testator. The conversation is proved by exceptants, who were incompetent to thus testify to the transaction with the testator. *Smith* v. *Burnet, 35 N. J. Eq. (8 Stew.) 314; Skillman* v. *Wiegand, 54 N. J. Eq. (9 Dick.) 198.* The conversation construed most strongly for exceptants amounted only to an expression by testator that they would not have to pay the bonds at his death. This was only the opinion of testator as to the

amount of the estate he expected to leave, and which he deemed
sufficient to divide to each exceptant the amount of the principal
of his bond. There is no indication in the evidence that the
testator contracted to discharge the bonds and mortgages at his
death. If that could be found it would be unavailable to ex-
ceptants, as it was an oral alteration of the terms of a written
contract simultaneously made, and besides it was without con-
sideration, and therefore amounted to a testamentary disposition
of property not made in the form required by law. Evidence of
subsequent statements by testator, which is next relied on, is
open to the same objections. Upon the whole case, I think there
is no support for the order on this ground.

Nor can any support for it be found in the claim that these
bonds and mortgages were the subject of a gift *inter vivos.* One
essential of such a gift is manual delivery by the donor, with in-
tent to pass to the donee the property which is claimed to have
been given. There is no evidence upon which delivery with
that intent can be found.

It results that the order, so far as it struck from the inventory
the bonds and mortgages in question, must be reversed.

But the cause ought not to be thus disposed of without a cau-
tionary word. Singularly, the jurisdiction of the orphans court
to deal with the matter presented by the exceptions was not ques-
tioned in the court below, nor here. So the cause had been con-
sidered and decided. But the taking of that course must not be
considered to indicate the view that the orphans court, under
jurisdiction to pass upon the "fairness" of an inventory, may
determine the title to choses in action which executors have
found in a testator's possession and placed in the inventory.
*Schoul. Ex. & Adm. (3d ed.)* § *236.* A claim to such jurisdic-
tion is unprecedented.

The petition of appeal also questions the propriety of the al-
lowance to the counsel for the respondents, and also the allow-
ance to the counsel for the executors. These allowances are
large for the amount of the work which was really necessary in
the cause. But counsel for the executors failed to bring to the
attention of the orphans court its lack of jurisdiction to deal
with the question presented. Had that question been primarily

presented, and counsel for exceptants had persisted in going on with the evidence, perhaps a different result ought to be reached as to his allowance. But on the whole case, I conclude that the allowances to counsel made by the orphans court ought not to be disturbed.

A decree will be made in conformity with this opinion.