With the exception hereinafter noted, we are in accord with the conclusions of the learned vice-ordinary.
It suffices to say that the challenge directed to the jurisdiction of the orphans court, respecting the surcharge of the securities, is devoid of substance. It does not matter that the claim of title to the securities asserted by the executor's wife has not been adjudicated adversely to her in an action to which she was a party, and that she is not a party to this proceeding. If she were a party, there would still be a lack of jurisdiction to determine the validity of such claim of title as she might assert by way of exception to the account. In reEstate of James McSpirit, Deceased, 73 N.J. Eq. 613; Carey v.Monroe, 54 N.J. Eq. 632; Partridge v. Partridge's Ex'rs,46 N.J. Eq. 434; affirmed, 47 N.J. Eq. 601.
But it is elementary that the executor is under a peremptory duty to account for the assets of the estate coming to his possession or knowledge; and if, through failure of the fiduciary duty, he is unable so to do, he is chargeable with their full value. It is a primary duty of one exercising such trust function to gather in the assets of the estate; and while it is incumbent upon him, in the discharge of this duty, to use only such care, skill, diligence and caution as a man of ordinary prudence would practice in like matters of his own, he is also held to the utmost good faith. And if he fails in his obligation, so measured, the parties in interest may, by an exception, challenge the account in respect of the sufficiency of the charges made, and the executor may be surcharged with the reasonable consequences of his failure of duty. *Page 64 
Plainly, the executor's conduct as respects the securities does not meet the standard so laid down by the law. He was a conscious participant in their conversion. He had possession of the securities; and he is obviously disingenuous in the explanation that, as regards their possession, he was a mere bailee for his wife, and therefore in duty bound to return them to her. "Duty" to his wife he considered a paramount obligation. Be this as it may, the explanation does not take into account his assignment of the securities, as executor, to his wife — through an intermediary — for the purpose of perfecting her title. True, he says he was guided in this by the advice of New York counsel. But it is clear he did not make a full disclosure of the facts; and, in any event, the advice of counsel does not impart the quality of legality to a tortious intent and purpose. The inference is inescapable that the executor in this transaction was striving for his own indirect benefit — through the enrichment of his kin. In an effort to justify his conduct, he undertook to prove a gift of the securities by the deceased to his wife. The evidence not only fails to establish the claimed gift, but clearly demonstrates mala fides. In such circumstances, it was not a prerequisite, as claimed by the appellant executor, that his wife's title to the securities be rejected in an appropriate judicial action binding upon her.
We are of opinion that, under all the circumstances, there should not have been a disallowance of $169, the aggregate outlay for flowers and railroad fare to enable decedent's sister-in-law — a nun without means — to journey from Canada for the funeral. These disbursements, together with other funeral expenses, were made by members of the family from the proceeds of a check signed by decedent in blank, and found upon his person after death. It is suggested that the deceased, conscious of the approaching end, deliberately resorted to this device for the purpose of making immediately available to the members of the family moneys necessary to defray funeral expenses. But however that may be, the check was not cashed by the executor; and we do not hold the view that the expenditures were so unreasonable under the *Page 65 
circumstances as to impose liability on him. The rights of creditors are not involved.
The decree settling the account is accordingly modified; and, as so modified, affirmed. The companion decrees are affirmed.
For affirmance with modification — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.