This is an appeal from a decree of the Bergen County Orphans Court sustaining objections to an accounting filed by appellant as administrator cum testamento annexo, holding him liable to the estate for depletion thereof, and referring the matter to a master to determine the amount of the depletion. There was insufficient personal property in the estate to pay the debts. The only substantial asset of decedent was a piece of real estate, which was subject to a mortgage of $500. Appellant, as administrator, arranged for an assignment of the mortgage to a friend, who brought a foreclosure suit. Appellant controlled the foreclosure suit and represented his friend at the sale, which was held by the sheriff, pursuant to the decree of foreclosure. In order to secure a good price for the property, appellant made bids until an outsider made a bid of $5,950, whereupon appellant, acting on behalf of the mortgagee, made a bid of $6,000 in the expectation that an outsider would bid still more. No further bid was made and the property was sold by the sheriff *Page 240 
for the sum of $6,000. The amount of the mortgage and expenses of the foreclosure amounted to something under $1,000, and appellant secured an order from the Bergen County Circuit Court authorizing and directing the sheriff to turn over to appellant the surplus, amounting to approximately $5,000. The sheriff never received anything except his costs and fees for conducting the sale. Appellant released the sheriff from any obligation to pay the surplus and, in fact, no money was paid into the estate by reason of the transaction.
Appellant was subsequently relieved of his duties as administrator, subject, however, to an accounting, and a new administrator was appointed.
The exceptions to his account were sustained on the ground that he was derelict in his duties, as a result of which the estate had sustained a loss for which he is responsible.
The real estate in question was subsequently sold by the substituted administrator for a net sum to the estate of approximately $1,000.
The gravamen of the charge against the appellant is that when he had a bona fide bid in the amount of $5,950 from an outsider he had no right to jeopardize the sale by an increased bid, when there were no funds available out of which his bid of $6,000 could be made good. He contends that he acted in good faith in an attempt to get a good price for the property, and that his act was a mere error of judgment for which he should not be held responsible.
An administrator is by law charged with the utmost good faith, ordinary care and prudence and reasonable diligence. In reMegargee's Estate, 117 N.J. Eq. 347. In my opinion, appellant did not so act in his conduct of the estate.
Since the personal property in the estate was insufficient to meet the expenses of administration and to pay the creditors, it was his duty to petition the court for permission to sell the real estate. R.S. 3:25-23.
There is evidence that he had received an offer of $6,000 for the property, which, however, would have been reduced by the amount of taxes against the premises. Although there was no threat of foreclosure of the $500 mortgage, he secured *Page 241 
control of the mortgage and himself instigated its foreclosure. Since the sheriff's sale was made subject to taxes, then amounting to approximately $1,000, appellant's bid was made on a basis of $7,000. While appellant may have acted with the best of intentions, his conduct all the way through must be characterized with the lack of such prudence as was required of him by his position as administrator. For such negligence he is liable under the law for the loss entailed. Fisher v. Skillman's Executors,18 N.J. Eq. 229; In re Megargee's Estate, supra; In re Brueck'sEstate, 124 N.J. Eq. 62.
Appellant contends that because of certain proceedings in the Supreme Court his exoneration from liability is res adjudicata.
An action at law was instituted by the substituted administrator against appellant for negligence in the transactions, and at the conclusion of plaintiff's case a nonsuit was granted by the court. This suit was based on a charge of fraud against appellant, and the nonsuit was granted partly on the ground that the fraud had not been proved, and also, in part, on the ground that the action at law must be based upon a finding of liability in the Orphans Court.
A nonsuit after the conclusion of plaintiff's case is not a bar to another action. Beckett v. Stone, 60 N.J. Law 23; StandardBaking Co. v. Hi-Grade Coal and Fuel Co., 115 N.J. Law 265.
In addition, in order to raise the doctrine of resadjudicata, there must be identity of the cause of action, which is not the case here, since the action at law was based on fraud, whereas the proceeding in the Orphans Court is based not upon fraud but upon negligence through failure to carry out the duties of administrator.
A decree will be advised affirming the decree of the Orphans Court. *Page 242