Complainants in this case are the grandchildren of Jennie Cramer, who died testate on August 3d 1930. Each of these grandchildren was bequeathed $500, to be paid to them "at the age of 21 years" by the trustee named in the will, the Camden Safe Deposit and Trust Company, now Camden Trust Company. At the time of Mrs. Cramer's death all of these grandchildren were minors, Collette 17, Rita 15, Geneva 11 and Patricia and Miriam 9 years of age.
The present bill seeks a decree against Camden Trust Company requiring it in its corporate capacity to pay to the complainants the aforesaid legacies, with interest from one year after the death of testatrix, to the extent that other funds in the hands of Camden Trust Company as administrator cum testamento annexo
are insufficient for the purpose.
Under the terms of the Cramer will testatrix bequeathed to her grandson Robert W. Cramer $1,000 and the Camden *Page 84 
Trust Company, as trustee, filed a bill of complaint "for advice and instructions" in June of 1942 which resulted in a decree dated November 4th, 1943. The opinion of this court in that case is reported in 133 N.J. Eq. 427; 33 Atl. Rep. 2d 611. An appeal to the Court of Errors and Appeals resulted in affirmance,136 N.J. Eq. 261; 40 Atl. Rep. 2d 601.
The opinion of this court dealt with a factual situation as it appeared at the time of final hearing in the original case. The facts in the present suit are the same, with the exception that in this suit the five grandchildren seek recovery of their legacies and in the former suit Robert W. Cramer, also a grandchild, by way of counter-claim sought recovery of his legacy of $1,000 out of the proceeds of the sale of real estate.
In the former suit the present complainants were made parties defendants and suffered decrees pro confesso to be taken against each of them, but in the final decree in that case the finding was that "out of the proceeds of the sale of realestate described in the bill of complaint there be paid to Robert W. Cramer $1,000 with interest," then the bequest to the Ladies' Missionary Society named in the will, and then $500 each to the present complainants, also with interest from August 3d 1931, and if there be insufficient moneys "out of the proceeds of the sale of real estate" that the balance be pro-rated among the present complainants.
The decree then went on to provide priorities as between Camden Trust Company and Federal Deposit Insurance Corporation.
In the former case this court assumed jurisdiction of the administration of the estate but the Camden Trust Company has not seen fit to file any accounting up to this time.
In the former suit the prayers of the bill of complaint were that this court should advise whether the real estate of decedent "should be held and retained by it until an advantageous sale of the same for an amount which represents its potential intrinsic market value can be accomplished; or whether the same should be presently sold for such sum as can be realized for it, irrespective as to whether it represents the full intrinsic value of the same," and (b) that this court construe the will of the decedent. *Page 85 
As heretofore said, the present complainants suffered decreespro confesso, but Robert W. Cramer, a grandchild as aforesaid, not only answered complainants' bill but filed a counter-claim in which he prayed that he be decreed to have a lien on the realestate aforesaid in the sum of $1,000 with interest from August 3d 1931, and that said lien be declared prior to any other claim of the Camden Trust Company, a banking corporation, individually, Camden Trust Company as administrator cum testamento annexo, Camden Trust Company as trustee, and the Federal Deposit Insurance Corporation; and that Camden Trust Company be decreed to pay to the counter-claimant his legacy with interest as aforesaid, and that Camden Trust Company in its various capacities be directed to sell the real estate of the said Jennie Cramer, deceased, for the purpose of raising and paying to the counter-claimant the moneys due him on his legacy.
The defendants named in the counter-claim aforesaid were the Camden Trust Company in its various capacities and Federal Deposit Insurance Corporation. None of the grandchildren parties in the original bill were made parties defendant in the counter-claim. As a result of these pleadings, final decree was entered as aforesaid.
In the former suit it appeared that Camden Trust Company in its corporate capacity had agreed with Camden Trust Company, administrator cum testamento annexo and the five children of testatrix, who were the residuary legatees under her will, to discount a $7,500 note in order that the Camden Trust Company, administrator cum testamento annexo and the residuary legatees could pay out of the proceeds of the note all of the decedent's debts, administration charges and all legacies other than the residuary legacies of the five children of testatrix, in order that the real estate might be cleared of these charges and held for a better sales market. It further appeared that the sum of $3,550 was advanced to the administrator cum testamento annexo
for the purpose aforesaid, leaving a balance of $3,950 not advanced, and that on or about June 21st, 1931, Camden Trust Company, in its corporate capacity, refused to make further advances to itself as administrator cum testamento annexo with the result that *Page 86 
the administrator did pay debts and administration charges but did not pay any of the legacies aforesaid.
The theory of the present bill is that Camden Trust Company should be compelled to pay the legacies of the complainants out of funds other than those collected by it as a result of the sale of the real estate as aforesaid, the theory being that it was the duty of Camden Trust Company to have used the proceeds of the $7,500 note in paying these legacies after the exhaustion of other assets of the estate, and that its failure so to do was a breach of its duty; that the attempt of Camden Trust Company to modify its agreement to advance $7,500 for payment of all claims against the estate, including bequests, was in fraud of complainants and that it is a trustee ex maleficio.
The prayers of the present bill are six in number, prayers 1 and 6 being merely formal. Prayer 2 prays that complainants may have a lien upon the proceeds of the sale of the real estate prior to any claim of Camden Trust Company. As to this prayer, it is argued that the former decree so adjudicated. This is true, and had the administrator cum testamento annexo filed its account showing, as it unquestionably would, that the proceeds of the sale of real estate had been consumed, with insufficient moneys to pay complainants' legacies, the allegation of the present bill with reference to this feature of the case would be superfluous, but in view of an accounting not having been filed, complainants ask that if there was a surplus left in the hands of the administrator cum testamento annexo with which to pay complainants, that that money be applied for that purpose, and that Camden Trust Company be compelled to pay the balance of the legacies out of the $3,950 not advanced by it on account of the $7,500 note.
Prayer 3 prays that rescission of the contract dated September 4th, 1930, between Camden Trust Company and the present complainants to advance the complainants the $3,950 balance of the note for $7,500 may be declared void and that Camden Trust Company in its corporate capacity be decreed to pay complainants their legacies. It is argued that this matter has already been adjudicated in the former suit and, if so, and these complainants are bound by such adjudication, *Page 87 
the present bill would fail. This point will be considered hereafter.
Prayer 4 prays that Camden Trust Company, administrator cumtestamento annexo, be required to account for all property and moneys received by it or which should have been received by it for Jennie Cramer's estate.
Prayer 5 prays that Camden Trust Company be directed to account for the proceeds of the sale of the real estate.
The defenses set up are four in number (1) res adjudicata as to liability to make further advances on the note of $7,500 aforesaid; (2) laches; (3) that complainants have no standing at this time to require further advances on the note aforesaid after the contract to make advances has been rescinded and canceled by the parties hereto; (4) that in order to avoid the rescission or cancellation of the agreement to make advances on the $7,500 note the makers thereof have an interest therein and are necessary parties to this proceeding.
In the former suit this court was dealing with a question as to a construction of the Cramer will and as to how the proceeds of the sale of real estate was to be applied as between the complainant legatee, Robert W. Cramer, and Federal Deposit Insurance Corporation, and the final decree provided the order of payment to these defendants out of the proceeds of the sale of real estate but it did not deal with the question as to whether Camden Trust Company as constructive trustee should apply the balance of the $7,500 note to augment any deficiency out of the proceeds of the sale of real estate for the payment of the legacies to these complainants.
The Court of Errors and Appeals, in Camden Trust Co. v.Cramer, supra, through Mr. Justice Heher, after commenting on that portion of this court's opinion as to the effect of Camden Trust Company repudiating its obligation to advance the entire $7,500 on the note aforesaid, said (at p. 266):
"It would seem that here the contract of loan was not terminable without the consent of the bank, acting as administrator cum testamento annexo in the interest of all the beneficiaries (the grandchildren were minors at the time of the reconversion), and then only upon a sufficient consideration. It was a primary duty of the administrator to gather in the *Page 88 
assets of the estate. In re Brueck, 124 N.J. Eq. 62. But we need not pursue the inquiry. Suffice it to say that the bank undertook this obligation to enable the residuary legatees to effect a reconversion of the real estate, and to discharge their concomitant duty to satisfy the debts and legacies; and the bank's failure of duty in this regard plainly disentitles it to reimbursement, by subrogation, for the taxes paid, for by that process it would visit the consequences of its own default upon the innocent pecuniary legatees, and thus work inequity and injustice. It was under an absolute contractural duty to turn over the proceeds of the promissory note to itself, as administrator, for the immediate payment of the debts and legacies; and non-performance of that undertaking was so oppressive and injurious to the pecuniary legatees as to render the doctrine of subrogation inapplicable. If it had provided the money for the satisfaction of the legacies in accordance with its corporate undertaking and the terms of the trust, timely payment of the legacies would have been made. And if the lands had been sold in due course for the execution of the testamentary directions, there would have been no occasion for the present controversy. As the Vice-Chancellor declared, the residuary legatees could not, by the process of reconversion, impair or nullify the rights of the pecuniary legatees. Vide Morse v.Hackensack Savings Bank, 47 N.J. Eq. 279. The residuary legatees were mindful of their duty in this regard; and the design of the arrangement with the appellant bank was to make available the moneys needed to render payment of the pecuniary legatees in full. This for their own as well as the legatees' benefit. Immediate satisfaction of the debts and legacies was the undoubted object of all the parties. Their payment was made a charge upon the moneys which the bank agreed to loan."
I take it from the foregoing opinion of the Court of Errors and Appeals that notwithstanding anything said in the opinion of the court below, the Court of Appeals held that Camden Trust Company was under a contractural obligation to advance the full amount of the note for $7,500 in the absence of "sufficient consideration," and it is not even suggested by Camden Trust Company that there was any consideration *Page 89 
paid to anyone. It follows, therefore, that Camden Trust Company was and is liable to these complainants in the sum of $3,950, together with interest, or such lesser part thereof as will satisfy their legacies, with interest, after using any surplus that may exist in the moneys realized from the sale of real estate.
It is argued that the present suit will not lie because of the lack of necessary parties, the argument in that respect being that the makers of the note are necessary parties because the contract between the Camden Trust Company and the makers has various provisions which are binding as between the makers and the Trust Company. This overlooks the fact that what these complainants are endeavoring to do is to force the Trust Company to advance the balance of the proceeds of the note to the payment of the legacies of these complainants as per its undertaking so to do. The complainants are not interested in any rights that may exist between Camden Trust Company and the makers of the note and this court could not conveniently try any such issue on the pleadings in this case nor would it do so if a counter-claim had been filed.
The defendants say that there has been laches on the part of these complainants but there is no evidence adduced in support of this defense and on the face of the pleadings nothing to justify this court in barring the complainants on that ground.
As to the defense of res adjudicata, from what has been said heretofore, as well as hereafter, it would appear that this defense is not available to the defendants.
The Court of Errors and Appeals in In re Walsh's Estate,80 N.J. Eq. 565 (at p. 569); 74 Atl. Rep. 563, has clearly set forth the principles applying to this defense. See, also Nagle
v. Conard, 96 N.J. Eq. 61; 125 Atl. Rep. 20; Stout v. Sutphen,132 N.J. Eq. 583; 29 Atl. Rep. 2d 724; Nuzzi v. UnitedStates Casualty Co., 121 N.J. Law 249; 1 Atl. Rep. 2d 890;Gifford v. Thorn, 9 N.J. Eq. 702, 722, holding that the rules are applicable to decrees pro confesso.
It seems evident that the relief which these complainants seek has never been passed upon by this court in a suit *Page 90 
between the same parties. It must be remembered that the bill filed by Camden Trust Company in the first suit as exhibited against these complainants prayed (a) for instructions as to whether decedent's real estate "should be held and retained by it until an advantageous sale of the same" could be made; (b) to construe the will of decedent and determine the respective rights of the parties hereto in said real estate. It was on these prayers that the present complainants suffered decrees proconfesso. They were satisfied to abide the court's decision on the relief asked for, but there was no issue tendered to them as to their rights to have Camden Trust Company advance the balance of the proceeds of the $7,500 note nor were they bound by thedictum of this court in regard thereto. The counter-claim of Cramer had a status of that of an independent action against the defendants named in the counter-claim. 47 Amer. Jur. 716 § 12;Pennsylvania Co., c., v. Lynch (Pa.), 162 Atl. Rep. 157.
The counter-claimant, Robert W. Cramer, in the first suit prays (a) that he be decreed to have a lien on the real estate of decedent for the payment of his legacy and interest, prior to the claim of Camden Trust Company in its various capacities and prior to Federal Deposit Insurance Corporation; (b) that Camden Trust Company, a banking corporation, pay this legacy, with interest; (c) that Camden Trust Company as administrator cum testamentoannexo and trustee, account; (d) that Camden Trust Company be advised to "sell the real estate" for the purpose of "raising and paying" Cramer's legacy.
From these prayers it can easily be seen that the only "rights" which were to be determined under the bill were those concerning the trust res, the real estate. There was no question to be determined under these prayers as to the liability of Camden Trust Company under its note obligation.
None of the present complainants were made parties defendant to the counter-claim and so far as the records show, they did not know of the filing thereof during the progress of the suit. After the final hearing and on the presentation of the final decree for settlement of the terms thereof, the present complainants petitioned this court to be made parties to the *Page 91 
counter-claim and these defendants, Camden Trust Company in its various capacities and Federal Deposit Insurance Corporation objected to the present complainants being brought in as parties and the court refused these complainants permission to be brought in.
The decree in the former case does not dispose of the issues herein presented. It is silent as to the attempted rescission by Camden Trust Company of its note liability. All that the decree in the former suit provides is (a) an equitable conversion and reconversion had been effected and that (b) the legacies of the counter-claimant Cramer and the Ladies Missionary Society be first paid "out of the proceeds of the sale of the real estate" and then (c) the legacies of the present complainants in the sum of $500 each be paid to them, and if there be insufficient funds out of the said proceeds of the sale of the real estate to pay complainants in full, that it be pro-rated, and (d) if there be a balance remaining out of the proceeds of said sale of real estate after payment of legacies and interest thereon, there be paid to Camden Trust Company $2,078.05, and lastly, any balance to Federal Deposit Insurance Corporation. It was further provided that "as there will be insufficient funds to pay the moneys above mentioned" there first be paid costs and counsel fees.
We have, then, a case where the matter claimed to be resadjudicata against the present complainants was not raised in the former bill, was not raised by the counter-claim nor by the answer to the counter-claim, was not covered by the decree, but only came into the former case under the counter-claim, in which the present complainants were not parties, and is based, not upon a decree of this court, but merely upon language of an opinion by way of dictum.
The result is that complainants are entitled to an accounting and a decree requiring Camden Trust Company in its corporate capacity to pay to itself as administrator cum testamentoannexo so much of the unpaid balance of the $7,500 note as shall be necessary to pay complainants' respective legacies, with interest from August 3d 1931, together with costs of this suit and a reasonable counsel fee to the solicitor of complainants. *Page 92